IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

GEORGE ANDUJAR,           )
                          )
        Plaintiff,        )
                          )
    v.                    )   No. 14 C 2792
                          )
SUN LIFE ASSURANCE COMPANY)
OF CANADA,                )
                          )
        Defendant.

MEMORANDUM OPINION AND ORDER

Plaintiff George Andujar, a longtime employee of Acme Finishing Company, Inc., became disabled and unable to return to work after being hospitalized for respiratory failure on March 8, 2013. For the first three months of his disability, plaintiff received benefits under his employer-sponsored short term disability plan, of which defendant, Sun Life Assurance Company of Canada, is the administrator. Unable to return to work after exhausting his short term benefits, plaintiff applied for benefits under his employer's long term disability plan, also administered by defendant. Those benefits were denied, the appeals process was exhausted, and this suit, brought pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA") ensued.

Plaintiff asserts two ERISA claims. The first is based on § 502(a)(1)(B) of the statute, which provides that a plan participant may bring a civil action:

> to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan.

29 U.S.C. § 1132(a)(1)(B). The second seeks relief under § 502(a)(3), which provides that a participant may bring a civil action:

> (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.

29 U.S.C. § 1132(a)(3).

Before me is defendant's motion to dismiss the latter claim, which I grant for the reasons that follow.

I.

After reciting the names of the parties and counsel, plaintiff's complaint jumps straight to the caption "Count I," which contains, in addition to the jurisdictional and venue allegations supporting the action in this forum, a short description of the case and the parties, and a "statement of facts" setting forth defendant's wrongdoing. In this section, plaintiff summarizes his employment history, the medical conditions that rendered him disabled, and his application for,

and receipt of, short term disability benefits. Cmplt. ¶¶ 8-10. Plaintiff then describes his application for, and denial of, long term benefits. These allegations include details about the materials plaintiff submitted in support of his application for long term disability benefits and the materials on which defendant relied in its denial. *Id*. at ¶¶ 11-21. Count I ends with the assertions that defendant's denial of benefits violates *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 115 (2008) (a case brought pursuant to § 502(a)(1)(B)), and that plaintiff's administrative appeals have been exhausted. *Id*. at ¶¶ 22-23.

Count II contains a mere four paragraphs, the first of which states, "[p]laintiff reasserts and incorporates paragraphs 1-23 above as though fully set forth herein." In the remaining paragraphs of this count, plaintiff asserts that defendant was an ERISA fiduciary; that as such, defendant owed plaintiff the duty "to act solely in the interest of participants and for the exclusive purpose of providing benefits to participants"; and that "the foregoing course of conduct" amounts to a breach of fiduciary duty under § 503(a)(3) of ERISA. Cmplt. at ¶¶ 24-28.

To redress his injuries, plaintiff seeks a judgment ordering defendant to pay long-term disability benefits to Plaintiff "in an amount equal to the contractual amount of benefits to which he is entitled," including prejudgment interest on all benefits that have accrued prior to the date of

3

judgment, and continuing as long as plaintiff meets the conditions specified in the policy. Plaintiff also seeks attorney's fees pursuant to 29 U.S.C. § 1132(g). Finally, "in the event the unjust enrichment exceeds the amount of prejudgment interest," plaintiff seeks, pursuant to § 502(a)(3), the "disgorgement of unjust enrichment at Sun Life's rate of return on equity…in an amount in excess of the prejudgment interest." Cmplt. at 8.

Defendant raises multiple arguments for dismissal of count II. Its lead argument is that because plaintiff's fiduciary breach claim merely "repackages" his denial of benefits claim, the two claims cannot be brought together. For this argument, defendant relies on *Varity Corp. v. Howe*, 516 U.S. 489 (1996), and *Mondry v. American Family Mut. Ins. Co.,* 557 F.3d 781 (7th Cir. 2009), as well as an abundance of cases applying these authorities in this district.

In *Varity*, the Court characterized § 502(a)(3) as a "catchall" provision that acts "as a safety net, offering appropriate equitable relief for injuries caused by violations that § 502 does not elsewhere adequately remedy." *Id*. at 512. The Court went on to explain that "where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be 'appropriate.'" *Id.* at 515.

4

Although the Seventh Circuit has not expressly determined whether, under *Varity,* a benefits claim under § 502(a)(1)(B) precludes a claim for equitable relief pursuant to § 502(a)(3), it acknowledged in *Mondry* that "a majority of the circuits are of the view that if relief is available to a plan participant under subsection (a)(1)(B), then that relief is *un* available under subsection (a)(3)." *Mondry*, 557 F.3d at 805 (original emphasis).

Cases in this district dismissing § 502(a)(3) claims brought concurrently with § 502(a)(1)(B) claims are legion, and they continue to accumulate. *See Gibbs v. Paul Revere Life Insurance Co.,* 13 C 8878, 2014 WL 3891762 (N.D. Ill. Aug. 8, 2104) (Leinenweber, J.); *Jacquez v. Health and Welfare Dept. of the Construction and General Laborer's Dist. Counsel of Chicago and Vicinity*, No. 13 C 9221, slip. op. at 1-2 (N.D. Ill. Jun 18, 2014 (Darrah, J.); *Sexton v. Standard Ins. Co.*, No. 13 C 7761, 2014 WL 1745420 (N.D. Ill. Apr. 30, 2014) (Guzmán, J.); *Nemitz v. Metropolitan Life Ins. Co.*, No. 12 C 8039, 2013 WL 3944292 (N.D. Ill. July 31, 2013) (Kendall, J.); *Roque v. Roofers' Unions Welfare Trust Fund*, No. 12 C 3788, 2013 WL 2242455 (N.D. Ill. May 21, 2013) (Durkin, J.) (citing *Schatzel v. Cent. States SE. & SW. Areas Pension Fund*, 941 F.Supp.2d 999, 2013 WL 1729479, at *8 (N.D. Ill. 2013); *Schultz v. Prud. Ins. Co. of Am.*, 678 F. Supp. 2d 771, 779-80 (N.D. Ill. 2010); *Hakim v.*

*Accenture United States Pension Plan*, 656 F.Supp.2d 801, 810-11 (N.D. Ill. 2009) (citing cases); *Krase v. Life Ins. Co. of N. Am.*, No. 11 C 7659, 2012 WL 4483506, at *3 (N.D. Ill. Sept. 27, 2012) (Grady, J.); *Zuckerman v. United of Omaha Life Ins. Co.*, No. 09 C 4819, 2010 WL 2927694, at *6-7 (N.D. Ill. July 21, 2010) (Dow, J.); *Rice v. Humana Ins. Co.*, No. 07 C 7175, 2007 WL 1655285, at *3-4 (N.D. Ill. June 4, 2007) (Conlon, J.); *Moffat v. Unicare Midwest Plan Group 314541*, No. 04 C 5685, 2005 WL 1766372, at *5 (N.D. Ill. July 25, 2005) (St. Eve, J.); *Jurgovan v. ITI Enters*, No. 03 C 4627, 2004 WL 1427115, at *4 (N.D. Ill. June 23, 2004) (Manning, J.); *Erikson v. Ungaretti & Harris-Exclusive Provider Plan*, No. 03 C 5466, 2003 WL 22836462, at *3 (N.D. Ill. Nov. 24, 2003) (Aspen, J.)).

In the face of this unrelenting torrent of adverse decisions, plaintiff raises two arguments: first, that none of these cases strictly forecloses the possibility that an equitable claim under § 502(a)(3) could ever be brought concurrently with a claim for benefits under § 502(a)(1)(B), and second, that *Mondry*, properly construed, supports the view that both claims should be allowed here. On the first point, plaintiff is correct. Indeed, as Judge Durkin noted in *Roque*, the precedent "does not foreclose simultaneous claims under § 502(a)(1)(B) and § 502(a)(3)," as "the door remains open for an ERISA plaintiff to bring a claim under both sections if the

claims are truly distinct." *Roque*, 2013 WL 2242455 at *7. *See also Zuckerman*, 2010 WL 2927694, at * 5 (simultaneous claims appropriate where they address "separate and distinct injuries")(citing *Gore v. El Paso Energy Corp. Long Term Disability Plan*, 477 F.3d 833, 839–40 (6th Cir. 2007)). Nevertheless, courts have concluded that where, as here, the two claims "rely on identical factual allegations, the § 502(a)(3) claim must be dismissed." *Zuckerman*, 2010 WL 2927694 at *5 (citing *Jones v. American General Life and Acc. Ins. Co.*, 370 F.3d 1065, 1073 (11th Cir. 2004) ("the relevant concern in *Varity*, in considering whether the plaintiffs had stated a claim under Section 502(a)(3), was whether the plaintiffs also had a cause of action, based on the same allegations, under Section 502(a)(1)(B) or ERISA's other more specific remedial provisions")) and *Moffat* 2005 WL 1766372, at *5 (dismissing plaintiff's § 502(a)(3) claim where the same allegations supported plaintiff's § 502(a)(1)(B) claim)). Indeed, plaintiff does not identify any cases in which a court has allowed concurrent claims under § 502(a)(3) and § 502(a)(1)(b) where the claims are supported by identical underlying allegations.

Moreover, plaintiff's reliance on *Mondry* is misplaced. Plaintiff argues that because his § 502(a)(3) claim seeks relief he could not obtain under § 502(a)(1)(b), the claims are not duplicative. Plaintiff focuses on the portion of *Mondry* in

7

which the court concluded that the plaintiff had a viable claim under § 502(a)(3) for "the lost time value" of the money she should have received in benefits, noting that she "could not have sought this form of relief under [§ 502(a)(1)(B)], for absent a provision in the plan that grants her the right to interest on past-due benefits … restitution of this sort is considered an extra-contractual remedy that is beyond the scope of that section." 557 F.3d 781. But *Mondry* was not a suit to compel the payment of benefits under § 502(a)(1)(B) at all, as the plaintiff had already prevailed in her administrative appeal before bringing suit. Indeed, the Seventh Circuit has expressly acknowledged that prejudgment interest *is* available under § 502(a)(1)(B). *See Fritcher v. Health Care Service Corp.*, 301 F.3d 811, 819-20 (7th Cir. 2002) (citing *Gorenstein Enters., Inc. v. Quality Care-USA, Inc.*, 874 F.2d 431, 436 (7th Cir. 1989) ("prejudgment interest should be presumptively available to victims of federal law violations. Without it, compensation of the plaintiff is incomplete and the defendant has an incentive to delay.") and *Rivera v. Benefit Trust Life Ins. Co.*, 921 F.2d 692, 696 (7th Cir. 1991) ("presumption in favor of prejudgment interest awards is specifically applicable to ERISA cases.")).

In *Mondry*, the plaintiff asserted § 502(c)(3) to recover the interest that had accrued on her past-due benefits over the

8

sixteen months she spent wrangling with her employer and the plan administrator over the production of documents the latter contended (erroneously, as it turned out) supported the denial of her claim. The court explained that the plaintiff had already established her employer's liability under 29 U.S.C. § 1024(b)(4) for its failure to produce the relevant plan documents, but that the statutory penalties for that violation were insufficient to compensate her for her injuries resulting from "the lengthy delay in obtaining the documents." *Mondry*, 557 F.3d at 790. In that context, the court concluded that § 502(a)(3) offered an appropriate equitable remedy to make the plaintiff whole.[1] Nothing in *Mondry* suggests that § 502(a)(3) is appropriately used, as plaintiff seeks to do here, "to prevent the wrongdoer from enriching himself by his wrongs." Pl.'s Opp., at 10. Indeed, plaintiff cites no case in which any court has done so.

In fact, while plaintiff acknowledges that punitive damages are unavailable under ERISA, and characterizes the disgorgement he seeks in his § 502(c)(3) claim as "remedial," the very authority on which he relies, *SEC v. Blatt*, 583 F.2d 1325, 1334 (5th Cir. 1978), explained that "[t]he court's power to order

---

[1] Moreover, the basis for the plaintiff's fiduciary breach claim—her employer's failure to produce plan documents, coupled with its misrepresentations about the contents of those documents—was separate and distinct from any contractual claim for benefits she might have had under § 502(a)(1)(B).

9

disgorgement extends only to the amount with interest by which the defendant profited from his wrongdoing. Any further sum would constitute a penalty assessment." Under this rationale, remedial, non-punitive disgorgement in this case amounts to the benefits plaintiff claims defendant wrongly withheld, plus interest defendant earned on those benefits. That is the same relief he is entitled to seek under § 502(a)(1)(B).

### III.

For the foregoing reasons, defendant's motion to dismiss count II of the complaint is granted.

**ENTER ORDER:**

_____
**Elaine E. Bucklo**
United States District Judge

Dated: August 19, 2014